## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**MICHAEL ANDERSON,**
**Claimant Below, Petitioner**

**vs.)    No. 20-0718** (BOR Appeal No. 2055162)
                    (Claim No. 2019008563)

**BURDETTE ELECTRIC, INC.,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Michael Anderson, by Counsel Patrick K. Maroney, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Burdette Electric, Inc., by Counsel Jane Ann Pancake and Jeffrey B. Brannon, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on October 17, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its February 12, 2020, Order. The Order was affirmed by the Board of Review on August 20, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

> (c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in

1

the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Anderson, an electrician, alleges an injury to his right knee while descending a step on October 11, 2018. The Employees' and Physicians' Report of Injury was completed that day, and the physician's section indicates Mr. Anderson had right knee pain due to an occupational injury.

Mr. Anderson left work the day of the alleged injury and sought treatment from Thomas Memorial Hospital. Mr. Anderson reported his right knee gave out while he was stepping off of a step at work that day. He also reported that he had right knee pain for about a week before the injury occurred. Mr. Anderson stated that when he stepped down that day, the pain was greater, and he had difficulty walking. A right knee x-ray showed no acute trauma but was suggestive of degenerative arthritis. Mr. Anderson was diagnosed with right knee pain.

Mr. Anderson sought treatment from THSSP Summit Orthopedics on October 16, 2018, where he reported right knee pain, swelling, weakness, and instability after stepping down from a truck at work. He was diagnosed with right knee arthritis and medial meniscus tear. An MRI was recommended. The claims administrator rejected the claim on October 17, 2018.

On November 7, 2018, a right knee MRI showed a high-grade chondromalacia patellofemoral joint compartment, a degenerative horizontal tear of the body of the posterior horn of the medial meniscus, and a ruptured Baker's cyst. Mr. Anderson returned to THSPP Summit Orthopedics on November 8, 2018, and was seen by Phillip Surface, D.O. He reported that he had no right knee pain and did not want to undergo surgery. Mr. Anderson was released to return to work with the restriction of wearing a knee brace.

Jonathan Luchs, M.D., performed an Age of Injury Analysis of Mr. Anderson's right knee x-rays on February 18, 2019. He agreed with the findings of osteoarthropathy and a small joint effusion, likely secondary to arthropathy. There were no fractures or dislocations. Dr. Luchs concluded that the x-ray showed chronic findings.

Mr. Anderson testified in a June 26, 2019, deposition that on the day of his injury, he was stepping down from a stringer step when his knee gave out, and he felt immediate pain. Prior to that day, he asserted that he had no problems with his knee. Mr. Anderson stated that he sought

2

treatment immediately following his injury. He underwent an MRI and was told he had a meniscus tear. Mr. Anderson testified that he had two cortisone injections, and his symptoms improved.

The Office of Judges affirmed the claims administrator's rejection of the claim on February 12, 2020. It found that the x-rays were initially interpreted as showing osteoarthropathy with a small joint effusion. In his Age of Injury Analysis, Dr. Luchs agreed with the findings and opined that all of Mr. Anderson's right knee findings were chronic. The Office of Judges noted that after reviewing Mr. Anderson's MRI, Mr. Anderson's orthopedist, Dr. Surface, diagnosed arthritis with complex medial meniscus tear. Dr. Surface did not address causality. The Office of Judges found that Mr. Anderson stated that he had no preexisting right knee issues; however, when he sought treatment for the alleged work injury, he stated that his knee had hurt for the past week. Further, Mr. Anderson testified that the day the injury occurred, he stepped down from a step to the ground, and his knee gave out. The Office of Judges noted that the step did not break, and Mr. Anderson did not trip or fall. The Office of Judges concluded that a preponderance of the evidence indicates that Mr. Anderson did not sustain a compensable injury as a result of his employment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 20, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. For an injury to be compensable it must be a personal injury that was received in the course of employment, and it must have resulted from that employment. *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). Though Mr. Anderson experienced right knee pain in the course of his employment, the evidence indicates that he did not sustain a right knee injury as a result of his employment. Diagnostic testing showed osteoarthritis and degenerative changes, and Mr. Anderson indicated when he first sought treatment that he had right knee pain for a week prior.

Affirmed.

**ISSUED: February 1, 2022**


**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton